UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE MICHAEL BRINKLEY,

    Petitioner,

v.                                            CASE NO. 8:15-cv-549-T-27-MAP
                                                  CRIM. CASE NO. 8:13-cr-142-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1), Petitioner's memorandum in support (CV Dkt. 1 at 14-21), the Government's Response (CV Dkt. 7), and Petitioner's Reply (CV Dkt. 10). After review, Petitioner's Section 2255 motion is DENIED.

### Procedural Background

Petitioner waived indictment and was charged by Information with bank burglary (Count One), bank larceny of more than $1,000 (Count Two), and two counts of bank larceny of less than $1,000 (Counts Three and Four). (CR Dkts. 13,14). He pleaded guilty without a plea agreement (CR Dkts. 22, 25, 26), and was sentenced to 96 months on Counts One and Two, and 12 months on Counts Three and Four, concurrent. (CR Dkt. 38). On appeal, he challenged his sentence as procedurally and substantively unreasonable and also argued that the district court failed to explain its rationale for upward departure under United States Sentencing Guidelines § 4A1.3. *See United States v. Brinkley*, 566 F. App'x 878, 878-79 (11th Cir. 2014). The Eleventh Circuit affirmed. *Id.*

In his § 2255 motion, Petitioner raised the following grounds:[1]

**Ground One:**

> COUNSEL WAS INEFFECTIVE AND REPRESENTED THE PETITIONER BELOW STANDARDS BASED ON A[N] INVOLUNTARY[,] UNINTELLIGENT[,] AND UNKNOWING PLEA AGREEMENT.

(CV Dkt. 1 at 16).

**Ground Two:**

> Petitioner's plea is . . . involuntary, unintelligent, and unknowing[] because[] he asked counsel from the very beginning, would he be grouped, counsel told him he would not. And that Petitioner had avoided the grouping issue altogether. But[,] when petitioner was sentenced he received grouping enhancements[] and other enhancements that counsel promised him he would not receive in the event he pled guilty.

(CV Dkt. 1 at 17).

**Ground Three:**

> Counsel was ineffective for influencing, misguiding, and misleading the petitioner into believing he was going to a bail hearing . . . when in fact it was a plea hearing.

(CV Dkt. 1 at 18).

**Ground Four:**

> Petitioner was never indicted for this case. . . . Counsel verbally forced and coerced the petitioner into an informational plea, even though petitioner wanted to exhaust his Fifth Amendment due process rights before a jury[.]

(CV Dkt. 1 at 18).

---

[1] The Government concedes that the Motion to Vacate is timely. (CV Dkt. 7 at 2).

**Ground Five:**

> Counsel never informed the petitioner that he would receive upward variance when he pled guilty.

(CV Dkt. 1 at 18).

## Discussion

In support of his contention that his guilty pleas were unknowing and involuntary, Petitioner contends that his counsel was ineffective in providing pre-plea advice. A two-part test is used to analyze ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must,

> [f]irst, . . . show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* A petitioner must satisfy both elements, otherwise "it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

The test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in

> grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir.2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Ultimately, Petitioner bears the burden to overcome "the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions. The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688 (internal citation omitted).

A. **Grounds One, Two, and Five**

In Ground One, Petitioner contends that his counsel told him that if he pleaded guilty, he would be sentenced to no more than sixty months in prison. He contends that counsel breached this verbal "plea agreement"[2] when he was sentenced to more than sixty months. In Ground Two, he contends that his counsel promised that he would not receive grouping and other enhancements if he pleaded guilty and that his counsel deliberately breached the verbal plea because "what counsel told the petitioner verbally[] never transpired at all." (CV Dkt. 1 at 17). In Ground Five, he contends that counsel did not inform him that he could receive an upward variance even if he pleaded guilty. And he contends that had he known he would receive a sentence of more than sixty months or that

---

[2] Petitioner pleaded guilty without a plea agreement. (CR Dkts. 22, 25, 26, 46 at 3).

4

he could receive the identified sentencing enhancements, he would not have pleaded guilty.³ Grounds One, Two and Five are without merit.

A guilty plea may be collaterally attacked on the ground that counsel did not provide reasonably competent advice. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716 (1980)(citations omitted); *see, also, Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992 (1982)(waiver of non-jurisdictional defects up to point of guilty plea in proceedings does not extend to claims of ineffective assistance of counsel that attack the voluntariness of the plea). Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant can make an informed decision between pleading guilty and going to trial. *Id.* Counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action. *Id.* The advice need not be errorless. It must simply be within the realm of competence demanded of attorneys representing criminal defendants. *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983)(citations omitted).

With respect to Grounds One and Five, other than his own self-serving allegations, Petitioner produces no evidence to substantiate his claim that his guilty pleas were not entered knowingly and

---

³ Petitioner's subjective statement that he would have proceeded to trial can only support a finding of prejudice "if combined with probative, objective evidence" the result would somehow have been different. *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). His self-serving and conclusory statement is insufficient in itself to show prejudice in the context of his guilty pleas.

voluntarily. The Government, on the other hand, has submitted a sworn affidavit from his counsel, in which he explains:

> [w]hen the issue of upward departure was discussed the client asked undersigned counsel how far up the judge would go. Undersigned counsel advised Mr. Brinkley that making such a prediction is nearly impossible. However[,] undersigned counsel did advise Mr. Brinkley that if he was not found to be a career offender he was facing "**at least 60 months.**"

(CR Dkt. 7 Ex. 3 at 2 (emphasis in original)). Further, Counsel attached a letter sent to him by Petitioner, in which he acknowledged: "You have been adamant that the Judge is going to depart (upward) from my guidelines, and estimate he may sentence me to at least 60 months." (CR Dkt. 7 Ex. 3 at 10).[4]

Be that as it may, an inaccurate prediction about sentencing will generally not be sufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir.2005) (citing *United States v. Bradley*, 905 F. 2d 359, 360 (11th Cir. 1990) ("[A] defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence.").

---

[4] With respect to Ground Two, his contention that counsel promised that he would not receive grouping or other sentencing enhancements, Petitioner and the Government present opposing evidence. Counsel's affidavit explains that the "grouping" issue was discussed and that "at no time was Mr. Brinkley 'promised' that 'he would not receive grouping enhancements[] and other enhancements.'" (CV Dkt. 7 Ex. 3 at 3-4). Petitioner attached to his Reply a copy of a letter that he sent to counsel with various questions, on which his counsel purportedly wrote "Avoided Grouping issue." (CV Dkt. 10 Ex. 1 at 2).Resolution of this factual dispute is unnecessary, however, because Petitioner's plea colloquy demonstrates that his guilty pleas were knowing and voluntary.

Petitioner's Rule 11 plea colloquy demonstrates that his guilty pleas were knowingly and voluntarily entered. Any alleged misadvice by counsel was cured by the comprehensive Rule 11 colloquy. *See United States v. Wilson*, 245 F. App'x 10, 12 (11th Cir. 2007) (any failure by counsel to explain the possible punishment cured by plea colloquy); *Barker v. United States*, 7 F.3d 629, 633–34 (7th Cir. 1993)(finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing).

During his plea colloquy, Petitioner confirmed under oath that no one made any promises to him as to what sentence he would receive. He likewise confirmed his understanding of the maximum sentence he could receive and the possibility that he could be sentenced above his guidelines range, notwithstanding what he expected or counsel may have opined.

Specifically, during his change of plea hearing before the Magistrate Judge, Petitioner affirmed, under oath, that no one made any promises to him in order to persuade him to plead guilty:

> THE COURT: Mr. Brinkley, has anyone made any promises to you in order to persuade you to plead guilty in this case?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone threatened you or forced you in any way to get you to plead guilty in this case?
>
> THE DEFENDANT: No.

(CR Dkt. 46 at 5-7).

The plea colloquy also included the following exchange:

> THE COURT: The penalty for Count One, Mr. Brinkley, which is the bank burglary, is a period of imprisonment of up to 20 years, a

7

> fine of up to $250,000, a term of supervised release of not more than five years, and a special assessment of $100.
>
> The penalty for bank larceny, the offense charged in Count Two, is a penalty of up to ten years imprisonment, a fine of up to $250,000, the term of supervised release is not more than three years, and a special assessment of $100.
>
> The penalties charged in Counts Three and Four for bank larcenies, but misdemeanors, are that as to each of those offenses up to one year imprisonment and a fine of up to $100,000 and a $25 special assessment.
>
> . . .
>
> You understand the penalties that you face?
>
> THE DEFENDANT: Yes, sir.

(CR Dkt. 46 at 8).

Petitioner was therefore aware of the maximum possible sentence before pleading guilty. And for any expectation that he may have had about what sentence he would receive, and the possibility of sentencing enhancements, the United States Magistrate Judge also explained:

> THE COURT: Mr. Baer may have given you some opinion about what he thinks your sentence will be. You may have some expectation. However, if the sentence is more severe than what you thought it would be, you're not going to be able to withdraw your plea of guilty. You understand this?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: The Sentencing Guidelines that I have mentioned here this morning that Mr. Baer has spoken to you about, these Guidelines are advisory. That means that the Judge has the authority to give you a sentence that is more or less than what your Guideline range calls for. You understand this?
>
> THE DEFENDANT: Yes, sir.

8

(CR Dkt. 46 at 10). The plea colloquy therefore demonstrates that Petitioner knew of the possibility of a sentence enhancement under the guidelines before pleading guilty, notwithstanding what counsel may or may not have advised him, and notwithstanding what he may otherwise have expected.

"[T]he representations of the defendant [at a Rule 11 plea hearing], . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Such representations are presumptively trustworthy and considered conclusive absent compelling evidence to the contrary. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Petitioner may not now disavow his sworn declarations made during his plea colloquy.

Accordingly, Grounds One, Two, and Five are denied.

**B.      Ground Three**

In Ground Three, Petitioner argues that counsel was ineffective because he was misled into believing that he was going to court for a bail hearing, when, in fact, the hearing was a change of plea hearing. Counsel, in his affidavit, explains that he "advised Mr. Brinkley that at the time of his change of plea, an effort to get him released would also be made. In furtherance of that effort[,] counsel filed a Motion for Pre-Sentence Release." (CV Dkt. 7 Ex. 3 at 4; CR Dkt. 18). And a review of the plea hearing transcript confirms that that the Motion for Pre-Sentence Release was discussed at the beginning of the plea hearing, as well as Petitioner's intent to change his plea. (CR. Dkt. 46

9

at 3-4; CR Dkt. 23). Accordingly, Petitioner's argument is belied by the record and therefore without merit. Ground Three is denied.

C.     **Ground Four**

In Ground Four, Petitioner takes issues with the fact that he "was never indicted in this case," and contends that his "[c]ounsel verbally forced and coerced the [him] into an informational plea, even though [he]ted to exhaust his Fifth Amendment due process rights before a jury[.]" (CV Dkt. 1 at 18). However, the plea colloquy belies this contention:

> THE COURT: You are charged, Mr. Brinkley, with offenses in an information. You have a constitutional right to have the question considered by the grand jury. As you may recall, you were initially charged by a complaint in this case and the matter could have been referred to the grand jury for further proceedings. A grand jury is a group of persons, 16 to 23 in number, and their task is to decide probable cause; namely, whether there's probable cause to believe that you committed the charges described now in the information. If they do, they would issue an indictment or a true bill.
>
> You can elect to waive that right and you can proceed by way of information as you suggest you are inclined to do here. In an information, it's the prosecutor who decides probable cause, not the grand jury.
>
> Do you wish to waive your right to proceed by indictment in this case?
>
> THE DEFENDANT: Yes, sir. Yes.
>
> . . .
>
> THE COURT: All right. I find that the defendant has knowingly and voluntarily waived his right to indictment in this case.

(CR Dkt. 46 at 6-7).

Finally, Petitioner also represented that he was satisfied with the advice and representation of his counsel. (CR Dkt. 46 at 11). He has presented nothing more than self-serving statements to

10

contradict the statements he made under oath during the plea hearing and has not overcome the presumption that those statements were true. Accordingly, he has not demonstrated that his counsel's performance was deficient or that he was prejudiced by any alleged deficient performance. Ground Four is denied.

C.  **Evidentiary Hearing**

An evidentiary hearing is not warranted because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003). Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) is **DENIED**. The clerk is directed to enter judgment against Petitioner and close this case.

## Certificate of Appealability Denied

Petitioner has no absolute right to appeal the denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a certificate of appealability must first issue. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make that showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77

11

L.Ed.2d 1090 (1983)). He cannot make that showing and is therefore not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE AND ORDERED** this 3rd day of November, 2017.

                                                    JAMES D. WHITTEMORE
                                                   United States District Judge

Copies to: Petitioner, *pro se,* Counsel of record